IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 JUL 10 PM 3: 31
N.D. OF ALABAMA

STUART M. MAPLES, as Trustee, }
}
    Appellant, }
}    CIVIL ACTION NO.
v. }
}    CV-01-AR-1331-NE
DONALD H. RAY, LANE, RAY, }
WILSON, CARR & STEVES; and }
DONALD H. RAY, P.C., }
}
    Appellees. }

*******************

In The Matter of }
}
RICHARD P. DALE }
}    BANKRUPTCY CASE NO.
SSN: 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, }
}    98-82423-JAC-7
    Debtor. }

*******************

ENTERED
JUL 1 0 2001

STEWART M. MAPLES, as }
Trustee, }
}
    Plaintiff, }
}
v. }    AP NO. 00-80113
}
DONALD H. RAY; LANE, RAY, }
WILSON, CARR & STEVES; and }
DONALD H. RAY, P.C., }
}
    Defendants. }

**MEMORANDUM OPINION**

This court has before it an appeal by Stuart M. Maples ("Trustee"), and Kevin Heard ("Heard" or "Appellant") as attorney for the trustee, from an order entered February 22, 2001, by the Honorable Jack A. Caddell, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Alabama, granting judgment in favor of Donald H. Ray ("Appellee"). This court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which grants district courts jurisdiction to hear appeals from final judgments and orders of bankruptcy judges under 28 U.S.C. § 157.

### Pertinent, Undisputed, and Some Disputed Facts

On January 23, 2001, the bankruptcy court entered an Amended Notice and Order which stated, "The plaintiff **must** file a motion for summary judgment with supporting affidavits and the parties shall appear for oral arguments on the motion on February 28, 2001, at 9:00 o'clock a.m. . . . Pursuant to FRCP Rule 56(c), the motion and affidavit shall be served on opposing party or parties and filed with the Court at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. **If the provisions of this paragraph are not strict adhered to, the plaintiff's complaint will be dismissed with prejudice**" (emphasis in original).

On Monday, February 19, 2001, the bankruptcy court and other

federal agencies, including the U.S. Postal Service, were closed due to a federal holiday, George Washington's Birthday. On that day, appellant contends that he mailed a copy of the motion for summary judgment via the U.S. Postal Service to appellee. According to appellee's Exhibit A-1, however, the postage meter stamp on the envelope which contained the motion for summary judgment reflects the date of Tuesday, February 20, 2001.

On Tuesday, February 20, 2001, appellant filed his motion for summary judgment with the bankruptcy court, eight days before the hearing scheduled for February 28, 2001. According to appellant, when the motion for summary judgment was not received in the mail on Tuesday, February 20, 2001, appellee called the appellant concerning the whereabouts of the motion. Upon learning that the motion was filed on that day, appellee requested that the motion be faxed. Appellee contends that appellant refused to fax a copy of the motion. Due to appellant's inaction, on Wednesday, February 21, 2001, appellee filed a motion to dismiss with the bankruptcy court. On Thursday, February 22, 2001, appellee had still not received the motion for summary judgment. Later that day, due to the exigency of the circumstances, and at appellee's request, the court held an emergency hearing to consider appellee's motion to dismiss in Judge Caddell's chambers via the telephone. After hearing oral arguments, Judge Caddell granted appellee's motion to dismiss.

## Discussion

The issue before this reviewing court is rather straightforward: did Judge Caddell abuse his discretion when he enforced the clear and unambiguous terms of his pretrial scheduling order by granting appellee's motion to dismiss? The court answers in the negative.

Rule 16(b) of the Federal Rules of Civil Procedure, which was adopted as Bankruptcy Rule 7016, authorizes the bankruptcy court to enter orders that control the scheduling and planning of litigation. Pursuant to that authority, the Eleventh Circuit has made clear the deference it ascribes to the lower court's ability to enforce pretrial orders:

> We ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order . . . We have explained that a district court should not "for fear of appellate correction, be forced into an overbroad interpretation of such orders." Accordingly, we will reverse the trial court's decision to follow the pre-trial order only where "the trial court has so clearly abused its discretion that its action could be deemed arbitrary."

*Morro v. City of Birmingham*, 117 F.3d 508, 513 (11th Cir. 1997) (citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).[1] In accordance with the Eleventh Circuit's standard of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

review, this court will reverse the bankruptcy court's order only where Judge Caddell has abused his discretion. *See Randolph County v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir. 1986).

Rule 9006(a) of the Federal Rules of Bankruptcy Procedure states, "In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . ."

Pursuant to Rule 9006(f) of the Federal Rules of Bankruptcy Procedure, "When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, **three days shall be added** to the prescribed period" (emphasis supplied).

According to Judge Caddell, the purpose of serving the motion for summary judgment on opposing counsel ten days prior to the hearing is to give him or her a "fair chance" to respond. Judge Caddell noted that appellee is located in Texas which requires him to make reservations to come to Alabama for the hearing. In addition, Judge Caddell pointed out that appellee's "secretaries and all of their office personnel are there in Texas. They have to

5

formulate whatever it is they are trying to formulate". Judge Caddell, Telephone Transcript, at 11.

Because he had been practicing before Judge Caddell for at least seven years, Heard was well aware that Judge Caddell meant "business" concerning compliance with his pretrial orders. Despite this fact, Heard filed his motion for summary judgment with the court on the February 20, 2001. As Judge Caddell correctly stated, by filing on February 20, 2001, Heard reduced the filing date with the court from ten days to eight days. Judge Caddell added, "and then if we were to take your three-day idea on that, we could cut it down to five and we've got to keep in mind, number one, that you are suing these people for twenty-eight or thirty thousand dollars . . . " Judge Caddell, Telephone Transcript, at 10.

Heard believed, albeit wrongly, that despite the clear terms of Judge Caddell's pretrial order, he could (1) reduce the time to file the summary judgment motion with the bankruptcy court due to a federal holiday and (2) reduce the time by three days which to serve his motion on appellee because he was using the U.S. mail. Bankruptcy Rule 9006(f) clearly states, as Judge Caddell pointed out to appellant, that when there is a requirement to do some act within a prescribed period after service of a notice or other paper and the notice or other paper is served by mail, three days shall be added to the prescribed period:

> . . . I honestly believe you are reading the rule backwards . . . when we say served, your

6

> certificate of service, I would think whether you would have had to have done it ten days or thirteen days in advance, I think your three days actually goes the other direction if you want to give somebody ten days to do something and you are going to use mail, then really I think you are talking about thirteen days, that you should have put that in the mail to him thirteen days in advance.

Judge Caddell, Telephone Transcript, at 11. The plain fact of the matter is the bankruptcy court ordered that the motion be filed with the court and served on the opposing party **not less than ten days** before the hearing, and appellant did not comply with this order. The clear and unambiguous language of Judge Caddell's pretrial order states that "**if the provisions of this paragraph are not strictly adhered to, the plaintiff's complaint will be dismissed with prejudice**" (emphasis in original). This court finds that the bankruptcy court did not abuse its discretion in granting appellee's motion to dismiss.

### Conclusion

A separate and appropriate order will be entered in conformity with the foregoing opinion.

DONE this 10th day of July, 2001

_/s/ William M. Acker_
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE